## HINES v. THE WHITEBREAST COAL AND MINING COMPANY.

1. **Practice : FORM OF ACTION.** Where several parties had commenced ac ? tions against a common defendant to enforce mechanics' liens, it was *held* to be competent for plaintiff and defendant, by agreement, to have united therewith an ordinary action at law, prosecuted by ordinary proceedings.

*Appeal from Lucas District Court.*

FRIDAY, APRIL 19.

THE facts of the case upon which the decision is based are stated in the opinion. There was a judgment for plaintiff in the court below. Defendant appeals.

*Stuart Bros. & Bartholomew*, for appellants.

*J. N. McClanahan* and *J. C. Mitchell*, for appellees.

BECK, J.—I.   R. B. Williby and five others brought separate actions in their own names, severally, against defendant.

They were sub-contractors under plaintiff, who had a contract with defendant for grading a side-track of a railroad, and for doing other work, and in their action seek to enforce their mechanics' liens. These causes were sent to a referee. Thereupon plaintiff and defendant entered into a written agreement, which was made of record, reciting that certain matters of dispute existed between them in relation to the performance of the contract on plaintiff's part, and agreeing that such difference should be submitted to the same person to whom the other actions were referred, "to be tried with them and at the same time, but so as not in any manner to interfere therewith, and that to this end said parties shall make up an issue between them before said referee, within sixty-five days from the rising of this court, said Hines becoming plaintiff and said Whitebreast Coal and Mining Company defendant." An order, in accord with and as contemplated by the agreement, was made by the court. Thereafter, plaintiff filed his petition against defendant, claiming to recover on two contracts. The petition claims judgment, without asking the enforcement of a mechanic's lien or setting up any claim therefor; it is in the form of such a pleading in an ordinary proceeding. Issues were formed thereon, and it appears that the case was submitted to the referee with the other actions. Afterward, it was agreed, by an instrument made of record, that "all the rulings, decisions and reports of the referee in these cases shall be set aside and counted for naught; that the case shall be returned to the district court for trial, and the parties will now proceed to take the evidence in the shape of depositions, and the causes shall be submitted to said court to be tried by said court without a jury, upon such depositions." Plaintiff afterwards filed a replication to defendant's answer, and thereupon the actions were submitted to the court and tried together. The judgment and decree of the court were recorded in one entry, preceded by the titles of the several causes. The plaintiff recovered judgment against the defendant in the sum of one thousand dollars, as in an action at law. The

sub-contractors recovered separate judgments against Hines for the amount found due each severally, which were declared to be liens upon the side-track, and provisions were made for the enforcement thereof. The defendant appealed. It is not shown in what cases the appeal was taken. But it is presumed that it was intended to be from the decision made in all the cases. Defendant, however, raises no objection to the enforcement of the liens in favor of the sub-contractors. It is insisted that plaintiff was entitled to recover no greater sum than six hundred and sixty-eight dollars and forty-eight cents, and that the judgment is erroneous in being for a greater sum.

II. It clearly appears, from the foregoing statements of facts, that plaintiff instituted suit by ordinary proceedings 1. PRACTICE: against defendant. By agreement of the parties form of action. it was tried with actions to enforce mechanics' liens brought by other parties, which are prosecuted by equitable proceedings. Code, § 2510.

We know of no reasons why the parties may not pursue this singular manner of settling their rights, in preference to the more regular manner, which ought to have been followed, by the plaintiff setting up his defenses in a cross-petition against defendant in the various actions brought by the sub-contractors, for he was united as defendant in those actions, and by answers to their petitions. The plaintiff and defendant chose to litigate the difference between them, involving the amount earned by plaintiff under his contracts, in a law action tried as above shown. This action is brought here by appeal. It is to be regarded here, of course, in no other light than a law action, for it is nothing else.

III. Having determined this point, the case is disposed of in this court. There were no exceptions taken in the court below to the judgment or any other rulings, and no errors are assigned in this court. No errors can be assigned, for they were not reserved by exceptions in the court below. We can do nothing but affirm the judgment.

IV. As we have remarked, there is no question to be determined as between plaintiff and the sub-contractors in their actions, if, indeed, they are before us upon the appeal, for plaintiff presents no objections to the relief granted to the other parties, further than as it may be involved in the amount of the recovery, which is settled in the law actions.

AFFIRMED.